NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD PICK,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant - Appellee, | No. 24-4571<br><br>D.C. No.<br>2:21-cv-08702-JWH-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted November 20, 2025
Pasadena, California

Before: WARDLAW, N.R. SMITH, and MILLER, Circuit Judges.

Harold Pick appeals the dismissal of his Second Amended Complaint

("SAC") against the Department of Justice under the Privacy Act, 5 U.S.C. § 552a.

He claims damages arising from the FBI's handling of certain evidence obtained

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

through a search warrant executed at Pick's business, which it shared with Motorola Solutions, Inc., which then used the evidence in litigation against Pick.[1] Specifically, Pick argues that the FBI violated the Privacy Act by providing two pieces of material evidence to Motorola: (1) a hard drive seized from Pick containing hundreds of versions of unauthorized Motorola software ("Drive 9"); and (2) an FBI Form FD-302 ("FD-302") completed by FBI Special Agent Kurt Vandersteen, documenting Agent Vandersteen's interview with Pick at the time the FBI searched his business. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court correctly dismissed each of Pick's claims related to Drive 9 under Fed. R. Civ. P. 12(b)(6) because Drive 9 is not a "record" protected by the Privacy Act. 5 U.S.C. § 552a(a)(4). Under the Privacy Act, a "record" is defined as "any item, collection, or grouping of information *about an individual* that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and

---

[1] Motorola discovered that second-hand radios had been programmed to operate on the Michigan Public Safety Communication System ("MPSCS"), a two-way radio system supporting all state and local public safety agencies, spurring an FBI investigation into whether the MPSCS's security features had been compromised. The FBI investigated Pick's involvement in the radio scheme and, after executing a search warrant at Pick's business, invited a Motorola employee to the FBI's field office in Lansing, Michigan to inspect the evidence it seized. Motorola ultimately prevailed against Pick on claims of copyright infringement and obtained a $1.2 million judgment against him.

that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." *Id.* (emphasis added). A record is "about an individual" when it "reflect[s] some quality or characteristic about him." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1449 (9th Cir. 1985). Neither the First Amended Complaint ("FAC") nor the SAC alleged that Drive 9 contained any information reflecting any "quality or characteristic about" Harold Pick, aside from his name and business address. *Id.* We have previously explained that a record reflecting only "indirectly on any quality or characteristic possessed by" an individual, like his mere name and address, is insufficient to transform a piece of evidence into a record about him. *Id.* Because Drive 9 is not protected by the Privacy Act, none of the allegations predicated on Drive 9 states a cognizable claim.

2. A claim under the Privacy Act must be brought "within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5). Pick alleged that Agent Vandersteen falsified and backdated the FD-302, and then used it to support his testimony against Pick at the Motorola trial. The statute of limitations on Pick's FD-302 claims began running no later than 2005, when Pick deposed Agent Vandersteen, received a copy of the FD-302, and disputed his description of events at the Motorola trial. As the district court noted, Pick "would have known . . . then and there" all facts forming the basis of his FD-302 claims.

Accordingly, these claims were brought more than a decade too late, and the district court properly dismissed them as time-barred.

3.      The district court did not abuse its discretion by dismissing Pick's claims with prejudice, because any amendment would be futile. *See Doe v. Garland*, 17 F.4th 941, 950 (9th Cir. 2021) ("A district court acts within its discretion to deny leave to amend when amendment would be futile.") (citation omitted). Pick's proposed Third Amended Complaint does not allege any fact that would transform Drive 9 into a record protected by the Privacy Act, and no fact can salvage his time-barred FD-302 claims.

**AFFIRMED.**